IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JOHN PATRICK WALLACE, <br> (TDCJ # 01621931), <br><br> Plaintiff, <br> v. <br><br> R. HOOPER, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br> CIVIL ACTION NO. <br> 1:15-CV-090-BL <br><br><br><br> Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This case was reassigned to the United States Magistrate Judge under Second Amended Special Order No. 3-301. Because Plaintiff John Patrick Wallace has not consented to the disposition of this case by a magistrate judge under 298 U.S.C. § 636(c), the undersigned magistrate judge enters this report and recommendation under 28 U.S.C. 636(b). Based on the relevant filings and applicable law, the case should be dismissed for failure to follow a Court Order, and alternatively, the claims should be **DISMISSED** under authority of 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). After entry of this report and recommendation, the case should be reassigned to Senior United States District Judge Sam R. Cummings.

### I. DISMISSAL UNDER RULE 41(b)

Plaintiff John Patrick Wallace, acting *pro se*, filed a civil-rights complaint form to initiate this case. Then, without seeking Court permission, he filed a document entitled "Supplemental 42 U.S.C. § 1983 Civil rights Complaint." (Doc. 6.) Upon Court review of this supplemental pleading, Plaintiff was, by Order entered October 2, 2015, directed to re-file a form civil-rights complaint, and directed to: "[S]et forth his entire complaint on the form. Plaintiff shall not incorporate by reference, or otherwise, any portion of the complaint or supplemental previously submitted and shall not attach it or any portion thereof as an exhibit." (Doc. 8.) Rather than comply with that Order, Plaintiff

Wallace again filed an amended form complaint, but he wholly failed to include the information he had previously recited in the "Supplemental Complaint." The October 2, 2015 Order included this express directive in all bold capital letters:

> **THE FAILURE TO COMPLY WITH ANY PART OF THIS ORDER MAY RESULT IN THE DISMISSAL OF CIVIL ACTION NO. 1:15-CV-0090-P-BL FOR WANT OF PROSECUTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(B) WITHOUT FURTHER NOTICE.**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff Wallace failed to follow this Court's order to re-state his entire complaint within one amended complaint form, the case should be dismissal under authority of Rule 41 (b).

## II. DISMISSAL UNDER § 1915A and § 1915(e)(2)(B)

Alternatively, the undersigned will address Plaintiff's pleadings as filed. The pleadings have named TDCJ Robertson-Unit Captain R. Hooper and the Texas Department of Criminal Justice (TDCJ) as defendants. (Amend. Compl. At 3; Supplemental Compl. at 2. ) Plaintiff complains of Hooper's actions leading up to and during a disciplinary proceeding resulting in a disciplinary conviction and resulting penalties.

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also sub-

ject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

A.   **Application of *HECK V. HUMPHREY***

Plaintiff seeks relief under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

With regard to Plaintiff Wallace's claims against R. Hooper, Wallace's claims for relief under 42 U.S.C. § 1983 are not cognizable in this suit. Plaintiff seeks injunctive relief and monetary

damages from defendant R. Hooper based upon his challenge to Hooper's actions during a disciplinary proceeding number 20130214774, resulting in a disciplinary conviction, and punishment including thirty days loss of recreation and commissary privileges, thirty days of cell restrictions, and loss of good time credits. (Amend Compl, 4; Supplemental Compl. 7-8.)[1] In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87, The Supreme Court has extended *Heck* to prison disciplinary proceedings, concluding that claims for declaratory relief or monetary damages that necessarily imply the invalidity of a disciplinary punishment are not cognizable in a 42 U.S.C. § 1983 proceeding. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *see also Clarke v. Stadler*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc) (holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*).

Plaintiff's request to have this Court reconsider the basis and validity of the disciplinary charge and the actions of R. Hooper in the disciplinary investigation, charge, hearing, and resulting sanctions, if successful, would necessarily imply the invalidity of the disciplinary conviction and resulting punishment. Thus, Plaintiff's claims against R. Hooper for relief under § 1983 are not cognizable unless Plaintiff has satisfied the conditions set by *Heck*. Wallace has not shown that he has obtained any order setting aside the disciplinary conviction. As a result, Plaintiff's claims raising

---

[1] Wallace has separately challenged the disciplinary conviction through a petition for writ of habeas corpus. *See Wallace v. Davis*, No.1:13-CV-185-C. The Court takes judicial notice of the records of this case from this Court. *See* Fed. R. Evid. 201(b)(2).

4

constitutional challenges to the actions of R. Hooper are not cognizable, and must be dismissed. *See Heck*, 512 U.S. at 487-88.

B.  **Eleventh Amendment Immunity**

Plaintiff has also named as a defendant the Texas Department of Criminal Justice (TDCJ). In the absence of consent, the Eleventh Amendment bars federal lawsuits against a state or a state agency. S*ee Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54 (1996); *see also Okpalobi, et al. v. Foster,* 244 F.3d 405, 411 (5th Cir. 2001) ("[t]he Eleventh Amendment bars suits by private citizens against a state in federal court, irrespective of the nature of the relief requested") (citing *Hutto v. Finney,* 437 U.S. 678, 700 (1978)). The Court of Appeals for the Fifth Circuit has expressly recognized that the Texas Department of Criminal Justice, as a state agency "enjoys immunity from suit in federal court." *Cox v. Texas, et al.,* 354 F. App'x 901, 902 (5th Cir. 2009) (citing *Harris v. Angelina County, Texas,* 31 F.3d 331, 338 n. 7 (5th Cir. 1994) ("Under the current state of the law, the TDCJ is deemed an instrumentality of the state operating as its alter ego in carrying out a public function of the state, and is immune from suit under the eleventh Amendment"). Thus, Plaintiff's claims against TDCJ are barred by Eleventh Amendment immunity.

## III. RECOMMENDATION

It is therefore **RECOMMENDED** that this case be **DISMISSED** without prejudice for failure to follow a Court Order pursuant to Federal Rule of Civil Procedure 41(b).

It is alternatively **RECOMMENDED** that Plaintiff's claims against the Texas Department of Criminal Justice should be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915A (b)(2) and 1915(e)(2)(B)(iii), and Plaintiff's claims against R. Hooper should be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(I) and

(ii) until the *Heck v. Humphrey* conditions are met.[2]

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

**SO ORDERED.**

SIGNED June __8__, 2016.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

---

[2] *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).